## WILLIAM T. JOHNSON *v.* HORACE JOHNSON AND JOHN PRICKETT.

The vendee of an equity of redemption stands in the place of the mortgagor and holds the property subject to all incumbrances; and where there were two mortgages, and the mortgaged premises had been sold by foreclosure, at law, on the first mortgage, on the payment of the redemption money by such vendee, and the assignment to him by the purchaser at the mortgage sale of all the interest of the latter in the land, *it was held*, that such vendee could not claim the rights of the purchaser at the sale, for the purpose of defeating the second mortgage.

When a subsequent mortgagee pays the redemption money of the mortgaged premises to the purchaser under the foreclosure of a prior mortgage, he does not succeed to the rights of such purchaser, but stands in the place of the prior mortgagee, the only additional right which he acquires being the right to be reimbursed what he has paid, with interest, on foreclosing his own mortgage.

When a mortgagor redeems, it should always be construed as a payment, he being personally liable for the debt. But when his vendee redeems, who is not personally liable, and there is an intervening mortgage between the one redeemed by him and his equity of redemption, the same rule should prevail as in case of a redemption by a subsequent mortgagee.

THIS was a bill to foreclose a mortgage.

The defendant, Horace Johnson, on the fourth day of February, 1837, mortgaged the premises to Daniel Windiate, and, on the 18th day of October following, he mortgaged them to complainant. On the 3d day of March, 1838, Windiate foreclosed his mortgage under the statute, and the two years' redemption expired March 3, 1840. *(Laws* 1833, *p.* 283.) May 23d, 1838, Horace Johnson sold the premises by quit claim deed to Alphonso B. Newcomb, and, after passing through the hands of several persons, they were purchased by Prickett of one Burgess, August 12, 1839, subject to Windiate's mortgage. Prickett, on the same day, paid Windiate, who was the purchaser at the mortgage sale, $790, the sum necessary to

redeem the premises, and took an assignment of all Windiate's right, title and interest as purchaser and mortgagee. The several deeds and mortgages were recorded, in the order in which they were executed.

*J. B. Hunt*, for complainant.

*M. L. Drake*, for defendant Prickett.

THE CHANCELLOR. Prickett insists that he holds the premises as assignee of Windiate's rights as purchaser under the mortgage sale, and not as purchaser of the equity of redemption from Burgess. If this view of the case be correct, then, the mortgaged premises not having been redeemed within the two years allowed by the statute, complainant's equity of *redemption*, as subsequent mortgagee, is barred. The statute is explicit on this point. It declares the conveyance to the purchaser, when the premises have not been redeemed, shall be an entire bar of all claim or equity of redemption of the mortgagor, his heirs and representatives, and of all persons claiming under him or them, by virtue of any title subsequent to such mortgage. *Sec.* 16.

With regard to redemption, the eleventh section says: "It shall be lawful for the mortgagor, his heirs, executors, administrators, or *assigns*, whose lands or tenements shall be sold in conformity with the provisions of this act, within two years from and after such sale, to redeem such lands or tenements, by paying to the purchaser or purchasers, his or their executors, administrators or assigns, or to the proper sheriff, under sheriff, or deputy sheriff, the sum of money which may have been paid by such purchaser or purchasers, together with interest on such purchase money, at the rate of ten per centum per annum, from the time of such sale ; and such payment being made

as aforesaid, the said sale, and the certificate granted thereon as aforesaid, shall be null and void."

The word *assigns* in this section does not mean subsequent mortgagees, but subsequent *purchasers*. This will appear when I come to speak of the right of subsequent mortgagees to redeem.

The mortgagor and his *assigns*, may redeem the mortgaged premises at any time within two years, by paying to the purchaser, or officer who sold the premises, the sum for which they were sold, with ten per cent interest. On such payment being made, the sale, and certificate granted thereon, become null and void. Such are the rights of the mortgagor and his *vendee* under the statute. They are placed on the same footing. The subsequent vendee is regarded by the statute as the successor of the mortgagor, and in no other light. Now, had Johnson, the mortgagor, instead of Prickett, paid Windiate, and taken the assignment from him, it would have been a redemption or payment of the Windiate mortgage; and is payment by Prickett, and an assignment to him, standing in the place of the mortgagor, to be regarded in any other light? Can a grantee succeed to greater rights than his grantor had, when there is no fraud or concealment on the part of those claiming under, or in opposition to, his grantor, and where the grantee knew, or was bound to know, of the existence of such claims, when he purchased? It is immaterial whether Prickett had actual notice of complainant's mortgage, or not. It was duly recorded, and he was bound to take notice of it.

The seventeenth section of the act relates to redemption by subsequent mortgagees. It is in these words: "Any person to whom a subsequent mortgage may have been executed, shall be entitled to the same privilege of redemption of the mortgaged premises that the mortgagor

might have had, or of satisfying the prior mortgage, and shall by such satisfaction acquire all the benefits to which such prior mortgage was or might have been entitled." This section, by securing to subsequent mortgagees the right of redemption, shows that the word *assigns*, in the eleventh section, was not intended to extend to them, but to subsequent vendees only. It is the duty of the mortgagor, or his vendee, who claims to be the owner of the land in fact, to pay off all incumbrances. Hence the statute, while it provides that a subsequent mortgagee, who redeems, shall acquire all the rights of the prior mortgage, makes no such provision in favor of a subsequent vendee, who is supposed to redeem for the purpose of discharging his estate of the incumbrance. Again, the subsequent mortgagee does not take the place of the purchaser at the mortgage sale. He succeeds to the rights of the prior *mortgage*, not of the *purchaser*. Had it been the intention of the statute to substitute him for the *purchaser*, it would have done so in express terms; and, where there were a number of mortgages, it would have provided for the several mortgagees' redeeming of each other. If complainant, then, had redeemed instead of Prickett, the only right he would have acquired would have been, to be reimbursed what he had paid, with interest, on foreclosing his own mortgage; and Prickett cannot stand on more favorable ground than complainant would have stood upon, had he redeemed.

The assignment does not alter the nature of the transaction; it cannot make that a purchase which was, in fact, a redemption. If Windiate had purchased of Burgess, the result would have been the same. He could not, at the same time, claim the rights, both of purchaser under the sale and grantee of the equity of redemption. As grantee of the mortgagor, he could have the land only after

payment of the incumbrances; and, having of his own accord, taken upon himself that character, he must take it with all its consequences.   He could not change from one to the other to suit circumstances, as interest might dictate,—for one purpose holding himself out as grantee of the mortgagor, and for another as purchaser under the mortgage sale,—saying to complainant, if he had come to redeem, that as grantee of the mortgagor, he himself had a right to redeem, or, if complainant, knowing that fact, had neglected to redeem, that he was the purchaser at the mortgage sale, and the premises had not been redeemed. The statute treats a redemption by the mortgagor, or his assigns, as payment.   It should always be so construed when the mortgagor redeems, he being personally liable for the debt.   But, when his vendee redeems, who is not personally liable for the mortgage debt, and there is an intervening mortgage between the one redeemed by him and his equity of redemption, the same rule should prevail as in case of redemption by a subsequent mortgagee. He should not lose what he has paid, because he cannot pay the intervening mortgage.

There must be a reference to a Master to compute the amount due on complainant's mortgage, and, on the coming in of his report, a decree must be entered that Prickett redeem in six months, or that the mortgaged premises be sold, and Prickett be first paid the $790 paid by him to Windiate, but without interest, as he has been in possession, and then complainant must be paid what is due him, and his costs, and the balance, if any, to Prickett.